# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: March 7, 2018

```
* * * * * * * * * * * * * * * * * *
MARK CLEMENT and SHANNON           *
CLEMENT, as parents of J.C., a     *      UNPUBLISHED
minor,                             *
                                   *      No. 16-324V
            Petitioners,           *
v.                                 *      Special Master Gowen
                                   *
SECRETARY OF HEALTH                *      Joint Stipulation; Influenza ("Flu")
AND HUMAN SERVICES,                *      Vaccination; Transverse Myelitis.
                                   *
            Respondent.            *
* * * * * * * * * * * * * * * * * *
```

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for petitioner.
Adriana R. Teitel, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

On March 14, 2016, Mark Clement and Shannon Clement ("petitioners"), as parents of their minor son J.C., filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Petitioners allege that J.C. suffered from transverse myelitis ("TM") as a result of an influenza ("flu") vaccine received on September 24, 2013.

On March 6, 2018, respondent filed a joint stipulation providing that a decision should be entered awarded compensation to petitioner. Joint Stipulation (ECF No. 43). Respondent denies that the flu vaccine caused J.C. to suffer from TM, any other injury, or his current condition. *Id.*

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the website of the United States Court of Federal Claims, pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012). The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

at ¶ 6. Maintaining their respective positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding compensation to petitioner according to the terms of the joint stipulation attached hereto as Appendix A.

The joint stipulation awards the following, which represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a):

a) **A lump sum of $221,184.10** (which amount represents compensation for first-year life care expenses ($12,722.71); and pain and suffering and future lost wages ($208,461.39) **in the form of a check payable to petitioners as guardian(s)/ conservator(s) of the estate of J.C. for the benefit of J.C.** No payments will be made until petitioners provide respondent with documentation establishing that they have been appointed as guardian(s)/conservator(s) of J.C.'s estate;

b) **A lump sum of $3,815.90, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioners, Mark Clement and Shannon Clement;**

c) **A lump sum of $102,135.21, which amount represents reimbursement of a lien for services rendered on behalf of J.C., in the form of a check payable jointly to petitioners and:**

> **California Department of Health Care Services**
> **Recovery Branch – MS 4720**
> **P.O. Box 997421**
> **Sacramento, CA 95899-7421**
> **Attn: Class Action Unit**
> **DHCS Account No.: C90799099E-VAC03**

**Petitioners agree to endorse this payment to California Department of Health Care Services.**

d) **An amount sufficient to purchase the annuity contract described in paragraph 10 of the joint stipulation, paid to the life insurance company from which the annuity will be purchased.**

I find the stipulation reasonable and I adopt it as the decision of the Court in awarding damages, on the terms set forth therein. Accordingly, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

                                                                                         **s/Thomas L. Gowen**
                                                                                         Thomas L. Gowen
                                                                                         Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties jointly or separately filing notice renouncing their right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MARK CLEMENT and SHANNON CLEMENT, as parents of J.C., a minor,<br><br>Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 16-324V<br>Special Master Gowen<br>ECF |

### STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their son, J.C., petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to J.C.'s receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. J.C. received an influenza ("flu") vaccine on September 24, 2013.

3. The vaccine was administered within the United States.

4. Petitioners allege that J.C. suffered from transverse myelitis ("TM") as a result of receiving the vaccine.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of J.C. as a result of his condition.

6. Respondent denies that the vaccine caused J.C. to suffer from TM, or any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $221,184.10, which amount represents compensation for first-year life care expenses ($12,722.71) and pain and suffering and future lost wages ($208,461.39), in the form of a check payable to petitioners as guardian(s)/conservator(s) of the estate of J.C. for the benefit of J.C. No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as guardian(s)/conservator(s) of J.C.'s estate;
>
> b. A lump sum of $3,815.90, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioners, Mark Clement and Shannon Clement;
>
> c. A lump sum of $102,135.21, which amount represents reimbursement of a lien for services rendered on behalf of J.C., in the form of a check payable jointly to petitioners and
>
> California Department of Health Care Services
> Recovery Branch - MS 4720
> P.O. Box 997421
> Sacramento, CA 95899-7421
> Attn: Class Action Unit
> DHCS Account No.: C90799099E-VAC03
>
> Petitioners agree to endorse this payment to California Department of Health Care Services.
>
> d. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

2

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of J.C., pursuant to which the Life Insurance Company will agree to make payments periodically to petitioners, as the court-appointed guardian(s)/conservator(s) of the estate of J.C. for the following items of compensation:

a. For future unreimbursable Blue Cross Blue Shield Premium expenses, beginning on the first anniversary of the date of judgment, an annual amount of $6,562.44 to be paid up to the anniversary of the date of judgment in year 2024. Then, beginning on the anniversary of the date of judgment in year 2024, an annual amount of $7,145.76 to be paid up to the anniversary of the date of judgment in year 2025. Then, beginning on the anniversary of the date of judgment in year 2025, an annual amount of $7,368.72 to be paid up to the anniversary of the date of judgment in year 2026. Then, beginning on the anniversary of the date of judgment in year 2026, an annual amount of $7,591.80 to be paid up to the anniversary of the date of judgment in year 2027. Then, beginning on the anniversary of the date of judgment in year 2027, an annual amount of $7,832.04 to be paid up to the anniversary of the date of judgment in year 2028. Then, beginning on the anniversary of the date of judgment in year 2028, an annual amount of $8,072.16 to be paid up to the anniversary of the date of judgment in year 2029. Then, beginning on the anniversary of the date of judgment in year 2029, an annual amount of $8,320.92 to be paid up to the anniversary of the date of judgment in year 2030. Then, beginning on the anniversary of the date of judgment in year 2030, an annual amount of $8,578.32 to be paid up to the anniversary of the date of judgment in year 2034. Then, beginning on the anniversary of the date of judgment in year 2034, an annual amount of $8,612.64 to be paid up to the anniversary of the date of judgment in year 2035, all amounts increasing at the rate of five percent (5%), compounded annually from the date of judgment.

3

b. For future unreimbursable Insurance Maximum-out-of-Pocket expenses, on the anniversary of the date of judgment in year 2054, a lump sum of $3,350.00. Then, on the anniversary of the date of judgment in year 2073, a lump sum of $3,350.00, all amounts increasing at the rate of five percent (5%), compounded annually from the date of judgment.

c. For future unreimbursable Medicare Part B Deductible expenses, beginning on the anniversary of the date of judgment in year 2074, an annual amount of $183.00 to be paid for the remainder of J.C.'s life, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

d. For future unreimbursable Medigap G and Medicare Part D expenses, beginning on the anniversary of the date of judgment in year 2074, an annual amount of $3,365.24 to be paid for the remainder of J.C.'s life, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

e. For future unreimbursable PCP, Physiatrist, Urologist, Orthotist, Future Specialist, MRI of Spine, X-ray, Renal Ultrasound, Uroflow/Uncap, and Doxazosin expenses, beginning on the first anniversary of the date of judgment, an annual amount of $455.00 to be paid up to the anniversary of the date of judgment in year 2021. Then, on the anniversary of the date of judgment in year 2021, a lump sum of $485.00. Then, on the anniversary of the date of judgment in year 2022, a lump sum of $405.00. Then, on the anniversary of the date of judgment in year 2023, a lump sum of $519.18. Then, beginning on the anniversary of the date of judgment in year 2024, an annual amount of $365.00 to be paid up to the anniversary of the date of judgment in year 2027. Then, on the anniversary of the date of judgment in year 2027, a lump sum of $305.00. Then, on the anniversary of the date of judgment in year 2028, a lump sum of $419.18. Then, beginning on the anniversary of the date of judgment in year 2029, an annual amount of $305.00 to be paid up to the anniversary of the date of judgment in year 2031. Then, on the anniversary of the date of judgment in year 2031, a lump sum of $275.00. Then, on the anniversary of the date of judgment in year 2032, a lump sum of $260.00. Then, on the anniversary of the date of judgment in year 2033, a lump sum of $374.18. Then, beginning on the anniversary of the date of judgment in year 2034, an annual amount of $260.00 to be paid up to the anniversary of the date of judgment in year 2038. Then, on the anniversary of the date of judgment in year 2038, a lump sum of $374.18. Then, on the anniversary of the date of judgment in year 2039, a lump sum of $260.00. Then, beginning on the anniversary of the date of judgment in year 2040, an annual amount of $246.67 to be paid up to the anniversary of the date of judgment in year 2043. Then, on the anniversary of the date of judgment in year 2043, a lump sum of $360.85. Then, beginning on the anniversary of the date of judgment in year 2044, an annual amount of $333.76 to be paid up to the anniversary of the date of judgment in year 2054. Then, on the anniversary of the date of judgment in year 2054, a lump sum of $108.76. Then, beginning on the anniversary of the date of judgment in year 2055, an annual amount of $333.76 to be paid up to the anniversary of the date of judgment in year 2072. Then, on the anniversary of the date of judgment in year 2072, a lump sum of $261.67, all amounts

increasing at the rate of five percent (5%), compounded annually from the date of judgment.

f. For future unreimbursable Tylenol, Suppository, Stool Softener, and Preparation H expenses, beginning on the first anniversary of the date of judgment, an annual amount of $185.94 to be paid up to the anniversary of the date of judgment in year 2024. Then, beginning on the anniversary of the date of judgment in year 2024, an annual amount of $197.57 to be paid up to the anniversary of the date of judgment in year 2027. Thereafter, beginning on the anniversary of the date of judgment in year 2027, an annual amount of $247.36 to be paid for the remainder of J.C.'s life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

g. For future unreimbursable Counselor, AFO, Wheelchair, Grab Bar, Rolling Backpack, and Special Shoe expenses, beginning on the first anniversary of the date of judgment, an annual amount of $765.13 to be paid up to the anniversary of the date of judgment in year 2029. Then, beginning on the anniversary of the date of judgment in year 2029, an annual amount of $693.13 to be paid up to the anniversary of the date of judgment in year 2031. Then, beginning on the anniversary of the date of judgment in year 2031, an annual amount of $652.69 to be paid up to the anniversary of the date of judgment in year 2033. Then, beginning on the anniversary of the date of judgment in year 2033, an annual amount of $629.70 to be paid up to the anniversary of the date of judgment in year 2054. Then, on the anniversary of the date of judgment in year 2054, a lump sum of $589.26. Then, beginning on the anniversary of the date of judgment in year 2055, an annual amount of $629.70 to be paid up to the anniversary of the date of judgment in year 2068. Then, on the anniversary of the date of judgment in year 2068, a lump sum of $625.43. Then, beginning on the anniversary of the date of judgment in year 2069, an annual amount of $607.43 to be paid up to the anniversary of the date of judgment in year 2073. Thereafter, beginning on the anniversary of the date of judgment in year 2073, an annual amount of $566.99 to be paid for the remainder of J.C.'s life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

h. For future unreimbursable Scooter and Adapted Recreational Equipment expenses, on the anniversary of the date of judgment in year 2027, a lump sum of $1,999.00. Then, on the anniversary of the date of judgment in year 2028, a lump sum of $1,148.64. Then, on the anniversary of the date of judgment in year 2033, a lump sum of $1,999.00. Then, on the anniversary of the date of judgment in year 2038, a lump sum of $1,148.64. Then, on the anniversary of the date of judgment in year 2039, a lump sum of $2,113.86. Thereafter, beginning on the anniversary of the date of judgment in year 2040, an annual amount of $448.03 to be paid for the remainder of J.C.'s life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

i. For future unreimbursable Pediatric Physical Therapy, Adult Physical Therapy, Scooter Battery, Scooter Maintenance, Car Lift, Cane, Walker, Transfer Shower Bench, Hand Held Shower, and TM Camp expenses, on the first anniversary of the date of judgment, a lump sum of $1,572.20. Then, beginning on the anniversary of the date of judgment in

5

year 2020, an annual amount of $1,482.20 to be paid up to the anniversary of the date of judgment in year 2025. Then, on the anniversary of the date of judgment in year 2027, a lump sum of $1,789.00. Then, beginning on the anniversary of the date of judgment in year 2028, an annual amount of $493.27 to be paid up to the anniversary of the date of judgment in year 2044. Then, on the anniversary of the date of judgment in year 2044, a lump sum of $1,063.29. Then, beginning on the anniversary of the date of judgment in year 2045, an annual amount of $603.27 to be paid up to the anniversary of the date of judgment in year 2049. Then, on the anniversary of the date of judgment in year 2049, a lump sum of $711.47. Then, beginning on the anniversary of the date of judgment in year 2050, an annual amount of $606.30 to be paid up to the anniversary of the date of judgment in year 2055. Then, on the anniversary of the date of judgment in year 2055, a lump sum of $786.30. Then, beginning on the anniversary of the date of judgment in year 2056, an annual amount of $642.30 to be paid up to the anniversary of the date of judgment in year 2068. Then, beginning on the anniversary of the date of judgment in year 2068, an annual amount of $639.27 to be paid up to the anniversary of the date of judgment in year 2071. Then, beginning on the anniversary of the date of judgment in year 2071, an annual amount of $603.27 to be paid up to the anniversary of the date of judgment in year 2073. Then, on the anniversary of the date of judgment in year 2073, a lump sum of $558.27. Thereafter, beginning on the anniversary of the date of judgment in year 2074, an annual amount of $588.60 to be paid for the remainder of J.C.'s life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

j. For future unreimbursable YMCA expenses, beginning on the first anniversary of the date of judgment, an annual amount of $228.00 to be paid up to the anniversary of the date of judgment in year 2028. Then, beginning on the anniversary of the date of judgment in year 2028, an annual amount of $312.00 to be paid up to the anniversary of the date of judgment in year 2035. Then, beginning on the anniversary of the date of judgment in year 2035, an annual amount of $480.00 to be paid up to the anniversary of the date of judgment in year 2074. Thereafter, beginning on the anniversary of the date of judgment in year 2074, an annual amount of $444.00 to be paid for the remainder of J.C.'s life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

k. For future unreimbursable TM Symposium expenses, on the anniversary of the date of judgment in year 2025, a lump sum of $2,265.55. Then, on the anniversary of the date of judgment in year 2027, a lump sum of $2,265.55. Then, on the anniversary of the date of judgment in year 2029, a lump sum of $2,265.55. Then, on the anniversary of the date of judgment in year 2031, a lump sum of $1,359.85. Then, beginning on the anniversary of the date of judgment in year 2032, an annual amount of $679.93 to be paid up to the anniversary of the date of judgment in year 2080, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

l. For future unreimbursable Home and Attendant Services expenses, beginning on the anniversary of the date of judgment in year 2044, an annual amount of $7,500.00 to be paid up to the anniversary of the date of judgment in year 2054. Then, beginning on the

anniversary of the date of judgment in year 2054, an annual amount of $12,700.00 to be paid up to the anniversary of the date of judgment in year 2059. Then, beginning on the anniversary of the date of judgment in year 2059, an annual amount of $17,276.00 to be paid up to the anniversary of the date of judgment in year 2069. Thereafter, beginning on the anniversary of the date of judgment in year 2069, an annual amount of $25,284.00 to be paid for the remainder of J.C.'s life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

m. For future unreimbursable Ancillary Services expenses, beginning on the anniversary of the date of judgment in year 2049, an annual amount of $300.00 to be paid up to the anniversary of the date of judgment in year 2080, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

n. For future unreimbursable Primary Care Physician Mileage, Physiatrist Mileage, Urologist Mileage, Orthotist Mileage, Specialist Mileage, Counselor Mileage, YMCA Mileage, Pediatric Physical Therapy Mileage, and Adult Physical Therapy Mileage expenses, on the first anniversary of the date of judgment, a lump sum of $1,099.70. Then, on the anniversary of the date of judgment in year 2020, a lump sum of $1,079.30. Then, on the anniversary of the date of judgment in year 2021, a lump sum of $1,103.41. Then, beginning on the anniversary of the date of judgment in year 2022, an annual amount of $1,039.13 to be paid up to the anniversary of the date of judgment in year 2025. Then, beginning on the anniversary of the date of judgment in year 2025, an annual amount of $1,018.73 to be paid up to the anniversary of the date of judgment in year 2027. Then, on the anniversary of the date of judgment in year 2027, a lump sum of $1,016.93. Then, on the anniversary of the date of judgment in year 2028, a lump sum of $1,013.53. Then, beginning on the anniversary of the date of judgment in year 2029, an annual amount of $956.90 to be paid up to the anniversary of the date of judgment in year 2031. Then, beginning on the anniversary of the date of judgment in year 2031, an annual amount of $953.50 to be paid up to the anniversary of the date of judgment in year 2044. Then, on the anniversary of the date of judgment in year 2044, a lump sum of $1,018.40. Then, beginning on the anniversary of the date of judgment in year 2045, an annual amount of $991.88 to be paid up to the anniversary of the date of judgment in year 2055. Then, on the anniversary of the date of judgment in year 2055, a lump sum of $1,028.60. Thereafter, beginning on the anniversary of the date of judgment in year 2056, an annual amount of $995.96 to be paid for the remainder of J.C.'s life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

o. For future unreimbursable Driver's Evaluation and Car Adaptation expenses, on the anniversary of the date of judgment in year 2025, a lump sum of $1,535.00. Then, beginning on the anniversary of the date of judgment in year 2026, an annual amount of $249.86 to be paid up to the anniversary of the date of judgment in year 2075. Then, on the anniversary of the date of judgment in year 2075, a lump sum of $107.00, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

p. For future unreimbursable Turning Auto Seat expenses, on the anniversary of the date of judgment in year 2044, a lump sum of $9,200.00. Then, beginning on the anniversary of the date of judgment in year 2045, an annual amount of $920.00 to be paid up to the anniversary of the date of judgment in year 2075, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

q. For future unreimbursable Home Modification expenses, on the anniversary of the date of judgment in year 2034, a lump sum of $20,000.00. Then, on the anniversary of the date of judgment in year 2049, a lump sum of $20,000.00. Then, on the anniversary of the date of judgment in year 2069, a lump sum of $20,000.00, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to the petitioners in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to the petitioners and do not require that the payment be made in one annual installment. The petitioners will continue to receive the annuity payments from the Life Insurance Company only so long as J.C. is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services, and the Life Insurance Company shall be provided within twenty (20) days of J.C.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of J.C. as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardian(s)/conservator(s) of J.C.'s estate under the laws of the State of California. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardian(s)/conservator(s) of J.C.'s estate. If petitioners are not authorized by a court of

9

competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of J.C. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of J.C. upon submission of written documentation of such appointment to the Secretary.

17. In return for the payments described in paragraphs 8 and 12, petitioners, in their individual capacities and as legal representatives of J.C., on behalf of themselves, J.C., and his heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. §300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of J.C. resulting from, or alleged to have resulted from the vaccination administered on September 24, 2013, as alleged by petitioners in a petition for vaccine compensation filed on or about March 14, 2016, in the United States Court of Federal Claims as petition No. 16-324V.

18. If J.C. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioners hereby authorize respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused J.C. to suffer from TM, or any other injury or condition.

23. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of J.C.

END OF STIPULATION

Respectfully submitted,

**PETITIONERS:**

_[signature]_
MARK CLEMENT

_[signature]_
SHANNON CLEMENT

**ATTORNEY OF RECORD FOR PETITIONERS:**

_[signature]_ Ronald C. Homer by Meredith Daniels Rule 83.1(c)(2)
RONALD C. HOMER, ESQ.
Conway Homer, PC
16 Shawmut Street
Boston, MA 02116
Tel: (617) 695-1990

**AUTHORIZED REPRSENTATIVE OF THE ATTORNEY GENERAL:**

_[signature]_
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

_[signature]_
NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

_[signature]_
ADRIANA TEITEL
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-3677

Dated: March 6, 2018