# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 31, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | | |
| MARK CLEMENT and SHANNON CLEMENT, as parents of J.C., a minor, | * * * * | UNPUBLISHED |
| | * | No. 16-324V |
| Petitioners, | * | |
| v. | * * | Special Master Gowen |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Attorneys' Fees and Costs; Special Master's Discretion. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * | | |

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for petitioner.
Adriana R. Teitel, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON FINAL ATTORNEYS' FEES AND COSTS[1]

On March 14, 2016, Mark Clement and Shannon Clement ("petitioners"), as parents of their minor son J.C., filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Petitioners alleged that J.C. suffered from transverse myelitis ("TM") as a result of an influenza ("flu") vaccine received on September 24, 2013. On March 7, 2018, I issued a decision awarding compensation to petitioners based on the parties' joint stipulation. Decision (ECF No. 44).

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the ruling is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version" of the ruling. Id. **If neither party files a motion for redaction within 14 days, the ruling will be posted on the court's website without any changes.** Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

The decision on the stipulation awarded compensation for life care expenses, pain and suffering, and lost wages to petitioners as guardian(s)/ conservator(s) of the estate of J.C. for the benefit of J.C. No payments would be made until petitioners provided respondent with documentation establishing that they had been appointed as guardian(s)/ conservator(s) of J.C.'s estate. Decision at 2. Petitioners have filed several exhibits documenting the guardianship proceedings. Petitioners' Exhibits ("Pet. Exs.") 14-17.

On June 21, 2018, petitioners filed a motion for final attorneys' fees and costs. Pet. Motion (ECF No. 55). Petitioners have requested $38,030.00 in attorneys' fees and $16,565.62 in attorneys' costs. Pet. Mot., Tabs A-B. Thus, the total attorneys' fees and costs request is for $54,595.62. In accordance with General Order #9, petitioners have submitted a signed statement that they have personally incurred costs of $1,139.00, but a retainer was never paid to their counsel. Petitioners and Counsel Statement (ECF No. 56); see also Pet. Mot., Tab C.

On July 2, 2018, respondent filed a response to petitioners' motion. Respondent's ("Resp.") Response (ECF No. 57). Respondent argued that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Id. at 1. Further, respondent "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id. at 2. Respondent "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3. Petitioners did not file a reply. This matter is now ripe for adjudication.

### I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. §15(e). In this case, petitioners were awarded compensation pursuant to a stipulation. They are therefore entitled to an award of reasonable attorneys' fees and costs.

### A. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348. Special masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs, Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994), and may increase or reduce the initial fee award calculation based on specific findings. Avera, 515 F.3d at 1348.

In making reductions, a line-by-line evaluation of the fee application is not required. Wasson, 24 Cl. Ct. at 484, rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Id. Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

### i.  Reasonable Hourly Rate

Under the lodestar approach, the first step is to determine reasonable hourly rates for the individuals at issue. In this case, Conway, Homer P.C.'s counsel, paralegals, and law clerks have billed at hourly rates which are in accordance with my decision in McCulloch v. Sec'y of Health & Human Servs., No. 09-239V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) and the Office of Special Masters' Forum Hourly Rate Fee Schedules. These rates appear reasonable and I find no cause to adjust them.

### ii.  Reasonable Hours Expended

Under the lodestar approach, the second step is to determine whether the number of hours expended on the claim was reasonable. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993); see also, e.g., Shorkey v. Sec'y of Health and Human Servs., No. 15-768V, 2017 WL 2119118 (Fed. Cl. Spec. Mstr. April 21, 2017). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008).

It is "well within the special master's discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Based on my experience and review of the billing entries, I find that the hours expended were generally reasonable and need not be adjusted.

### B. Reasonable Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). In this case, petitioners' counsel have requested costs of $16,565.62. These include costs of the filing fee; obtaining medical records; shipping and postage; retaining a life care planner; and retaining local counsel to establish the guardianship. Pet. Mot., Tab B.

Petitioners have also requested reimbursement for costs they personally incurred, totaling $1,139.00. These costs are from obtaining certain medical records and from premiums on a bond related to the guardianship. Pet. Mot., Tab C.

Both the attorneys' costs and petitioners' costs are sufficiently documented and reasonable in my view. These will be awarded in full.

## II. Conclusion

In accordance with the above, I hereby **GRANT** petitioners' motion for attorneys' fees and costs. Accordingly, I award the following amounts.[3]

1) **A lump sum in the amount of $54,595.62, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioners and petitioners' counsel of record, Ronald C. Homer of Conway, Homer P.C.**

2) **A lump sum in the amount of $1,139.00, representing reimbursement for petitioners' costs, in the form of a check payable to petitioners.**

In the absence of a motion for reconsideration or review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[4]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] These amounts are intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties jointly or separately filing notice renouncing their right to seek review.